GRACE MEADE, The (UNITED STATES v.). See Case No. 15,243.

GRACE'S EX'RS (MAHON v.). See Case No. 8,967.

GRACEY (FORBES v.). See Case No. 4,-924.

GRACIE (PALMER v.). See Case No. 10,-692.

GRACY (CALBREATH v.). See Case No. 2,296.

## Case No. 5,654.

### In re GRADY.

### SHUMATE et al. v. HAWTHORNE et al.

[3 N. B. R. 227 (Quarto, 54).] [1]

District Court, D. South Carolina. 1870.

VOLUNTARY BANKRUPTCY — MEMBERSHIP IN TWO FIRMS—WHEN JURY TRIAL AWARDED.

1. Bankrupt was a member of two copartnerships, and without notice to his other copartners, filed his individual petition in voluntary bankruptcy, showing in his schedules assets and liabilities of the two firms. He was adjudicated a bankrupt individually, and assignees were appointed who petitioned that the court adjudge the two firms respectively bankrupt, as being insolvent, in order to the administration of their assets in the bankruptcy court. The remaining copartners answered, denying the commission of any act of bankruptcy by either firm, and demanded a trial by jury. *Held*, the assignees had properly instituted and could maintain the said proceedings.

[Cited in Re Leland, Case No. 8,228; Hudgkins v. Lane, Id. 6,827; Crompton v. Conkling, Id. 3,407.]

2. The bankrupt could not be properly discharged unless the assets of the insolvent firms should be so administered.

3. If the respondents denied the insolvency of the firms, jury trial would be granted; but not being denied, the said firms would be respectively adjudged bankrupt.

[Cited in Re Webb, Case No. 17,317.]

These cases involved the same principle, and presented the same state of facts, and were argued together.

John W. Grady, being a member of the firm of Grady & Hawthorne, and of Grady, Hawthorne & Turbyfill, by his attorney, Gov. B. F. Perry, filed his petition for voluntary bankruptcy in December last; and in his schedules showed assets and liabilities in behalf of each of these firms as well as for himself individually. His copartners [David O. Hawthorne and Sidney H. Turbyfill] were not served with a copy of the petition, or in any wise made parties to the proceedings. The petitioners, in the present cases [Wiliam T. Shumate and A. Blythe], were appointed his assignees, and filed their petition by William E. Earle, their solicitor, alleging the bankruptcy of Grady, the copartnerships, and the insolvency of the copartnerships respectively, and prayed that the firms might be respectively adjudicated bankrupts, and the assets be administered in the bankruptcy court. Gov. Perry also

1 [Reprinted by permission.]

answered these petitions, denying that the parties had committed any act of bankruptcy, and moved that the rule to show cause should be dismissed on the ground that the firms could not be forced into bankruptcy unless they had done something which the act declared to be an act of bankruptcy; that the assignees of Grady could not maintain these proceedings against his late copartners, and that they were unnecessary for the administration of the bankrupt's estate, and that the bankrupt could be discharged from his individual debts without the firms going into bankruptcy.

Capt. Earle, for assignees, replied at considerable length, adducing a great number of authorities from the reports and bankrupt authors, to sustain the position that Grady could not be discharged from any of his debts until the copartnership debts were paid, or the copartnership assets were administered in bankruptcy; that a copy of Grady's petition should have been served, ab initio, on his copartners, as these were copartnership assets; that this not having been done according to the prescribed practice, the assignees had become the only parties who could proceed to heal the omission; and that, as the agents of the creditors generally, it was their duty to institute these proceedings in order that the estate might be administered according to the bankrupt act [of 1867 (14 Stat. 517)], and the individual assets be applied to individual debts, and the copartnership assets to the copartnership debts, and that it was unnecessary to allege or prove that the respondents had committed any act of bankruptcy, but that their copartner, Grady, having asked for benefit of the act, it became necessary, if the firms were insolvent, that the assets of the firms should be administered in the court of bankruptcy. Gov. Perry then asked for an order for trial by jury, and read the form of demand for trial by jury, and argued that the parties were entitled to a trial by jury if they desired, and could not otherwise be adjudicated bankrupts. The court refused the motion.

BRYAN, District Judge, reviewed the law analytically, and with great clearness, deciding substantially that the bankrupt, John W. Grady, could not be discharged of a portion of his liabilities merely, but that, if at all, it must be of all of them, and that this could not be unless the firm debts were paid, or the firm assets administered in the bankrupt court; that as Grady's petition had not been served on his copartners, it had become necessary and proper that the assignees should institute these proceedings to bring them in, in conformity to general orders No. 18; that the estate had to be administered according to section 36 of the act, and that this could not be done otherwise in the present state of the case than by the proceedings now instituted by the assignees, who are, under the law, the agents of all the creditors;

that, if the respondents denied the insolvency of the firms, they were entitled to have that issue tried by a jury, but that it was wholly unnecessary to show any act of bankruptcy on the part of the respondents—the copartnerships being respectively insolvent, and one member of each of them having asked the benefit of the bankrupt act, the question before the court became purely a legal one, and that the firms of Grady & Hawthorne, and Grady, Hawthorne & Turbyfill, must, of necessity, be adjudged bankrupt.